UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| XCALIBER INTERNATIONAL LIMITED, LLC | CIVIL ACTION |
| VERSUS | NO: 04-0069 |
| CHARLES FOTI, JR, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL, STATE OF LOUISIANA | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count IV of the First Amended and Restated Complaint filed by Defendant, the State of Louisiana (Doc# 51) is **DENIED.**

### BACKGROUND

The background of this case previously has been articulated both in the court's prior Order and Reasons (Doc. #31) in defendants' motion to dismiss for failure to state a claim and for lack of jurisdiction, and in the Fifth Circuit's opinion concerning the appeal of that order. *See Xcaliber International, LLC v. Foti,* 442 F.3d 233 (5th Cir. 2006).

In Count IV of its First Amended and Restated Complaint, plaintiff added an antitrust claim under Section 1 of the Sherman Antitrust Act. Defendant contends plaintiff's antitrust claim is without merit and has moved to have Count IV dismissed under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

## II.  DISCUSSION

Plaintiff alleges in its First Amended and Restated Complaint that Louisiana's Allocable Share Amendment ("amendment"), together with Louisiana's Escrow statute, LA. REV. STAT. § 13:5061 *et seq.*, and the Master Settlement Agreement ("MSA"), creates and implements "a cost-sharing agreement and output cartel in the domestic market for cigarettes that has the purpose and effect of raising prices to monopolistic levels and protecting the market shares of the major cigarette manufacturers by driving smaller competitors from the market."[1]  In Count IV, plaintiff contends that the "restraints created, implemented and enforced pursuant to the Allocable Share Amendment are illegal *per se* under Section 1 of the Sherman Act, 15 U.S.C. § 1."[2]  Defendant contends plaintiff's antitrust claim should be dismissed because:  (1) the claim is barred by issue preclusion, and (2) plaintiff has failed to state a claim.

**A.     Issue Preclusion.**[3]

Defendant argues that issue preclusion bars plaintiff's antitrust claim because the United

---

[1] Plaintiff's First Amended and Restated Complaint, at 4.

[2] *Id.* at 14.

[3] The Supreme Court has noted that "[m]odern usage calls for the descriptive term, 'issue preclusion,' in place of 'collateral estoppel.'"  *Kircher v. Putnam Funds Trust,* 126 S. Ct. 2145, 2157 n.14 (2006).

States District Courts for the District of Kansas[4] and the Northern District of Oklahoma[5] have already granted summary judgment against the plaintiff's antitrust claims concerning legislation in those jurisdictions that is similar to Louisiana's amendment.  Plaintiff contends that there is no precedent for the proposition that the same plaintiff may not file a separate suit, challenging separate legislation in another state, simply because the statutes at issue mirror one another.

A party is precluded "from litigating an issue already raised in an earlier action *between the same* parties only if:  (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Test Masters Educational Services, Inc. v. Singh,* 428 F.3d 559, 572 (5th Cir. 2005) (emphasis added).

The Attorney General of Kansas made the same issue preclusion argument as defendants make here when he sought to have the District Court of Kansas dismiss plaintiff's antitrust claim in that case. The Attorney General argued that the Northern District of Oklahoma's grant of summary judgment on the plaintiff's identical antitrust claims barred litigation of the claim in Kansas. The court concluded that the issue did not concern solely the language of the statute, which was identical to Oklahoma's allocable share amendment. Rather, the issue was the circumstances surrounding the enactment of the Kansas allocable share amendment, which had not been litigated. Thus, the court held that the statutes' identical language did not preclude

---

[4]*Xcaliber International Limited, LLC v. Kline,* No. 05-2261-JWL (D. Kan. Feb. 7, 2006).

[5]*Xcaliber International Limited, LLC v. Edmondson,* No. 04-CV-0922-CVE-PJC, 2005 WL 3766933 (N.D. Okla. Dec. 13, 2005).

litigation of a similar issue because it involves another statute by a different legislature in a different state.

Similarly, the antitrust claims addressed by the district courts in Kansas and Oklahoma do not concern Louisiana's amendment and the circumstances surrounding its enactment. Therefore, the plaintiff's antitrust claim in this case is not identical to the claims addressed in Oklahoma and Kansas. Accordingly, issue preclusion is not a bar to Count IV of plaintiff's First Amended and Restated Complaint.

B.      **Failure to State a Claim.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when the court determines that the plaintiff has failed to state a claim upon which relief can be granted. The court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). The court also must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001). A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982). Dismissal is warranted only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *Id.*

Pursuant to 15 U.S.C. § 1, the Sherman Act, "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal." A statute will be preempted by the

Sherman Act only if it "mandates or authorizes conduct that necessarily constitutes a violation of the antitrust laws in all cases, or if it places irresistible pressure on a private party to violate the antitrust laws in order to comply with the statute." *Rice v. Norman Williams Co.,* 458 U.S. 654, 661 (1982).

Count IV of plaintiff's First Amended and Restated Complaint alleges that the amendment creates and implements a cost-sharing agreement and output cartel in the domestic market for cigarettes, which has the purpose of raising prices to monopolistic levels, thereby protecting the market shares of the original participating manufacturers and driving smaller competitors from the market.  According to the plaintiff, "[t]he restraints created, implemented and enforced pursuant to the Allocable Share Agreement are illegal *per se*" under the Sherman Act.  These facts, accepted as true, allege that the amendment authorizes conduct that allows the original participating manufacturers, as an "output cartel" to restrain trade.  Thus, plaintiff has stated an antitrust claim under the Sherman Act upon which relief could be granted.  Therefore, defendant's Motion to Dismiss is denied.

New Orleans, Louisiana, this   18th  day of October, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**